IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IQTUNHEIMR, LLC,
*Plaintiff/Appellant*,

*v.*

VAL VISTA LAKES COMMUNITY ASSOCIATION, et al.,
*Defendants/Appellees*.

No. 1 CA-CV 25-0095

FILED 02-10-2026

Appeal from the Superior Court in Maricopa County
No.  CV2024-002225
The Honorable Jennifer C. Ryan-Touhill, Judge

**AFFIRMED**

COUNSEL

CHDB Law, LLP, Tempe
By Kyle Banfield, Joshua M. Bolen
*Counsel for Appellees*

Denton Peterson Dunn, PLLC, Mesa
By Larry A. Dunn
*Co-Counsel for Appellant*

Brown Patent Law, Scottsdale
By Nathan Brown
*Co-Counsel for Appellant*

Dessaules Law Group, Phoenix
By Jonathan A. Dessaules, Thomas E. Raccuia
*Counsel for Amicus Curiae Arizona Homeowners Coalition*

Lisa Marx, Sun City
*Amicus Curiae*

Jeremy Whittaker, Gilbert
*Amicus Curiae*

---

## OPINION

Vice Chief Judge David D. Weinzweig delivered the opinion of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Cynthia J. Bailey joined.

---

**W E I N Z W E I G**, Vice Chief Judge:

**¶1** When a homeowner sues a homeowners' association for failing to maintain common areas (the community pool, the clubhouse or the shared parks), the claim is derivative and does not belong to the individual homeowner. Arizona law restricts who may assert derivative claims to members who (1) number at least 50 or hold at least 25% of the association's voting power (whichever is less), and (2) make a written demand on the association before suing. A.R.S. §§ 10-3631, -3632. Because the homeowner satisfied neither requirement here, the superior court properly dismissed the claims.

### FACTS AND PROCEDURAL BACKGROUND

**¶2** This lawsuit involves Val Vista Lakes, a master planned community located in Gilbert with more than 2,200 homes and members. The community is governed by a homeowners' association, Val Vista Lakes Community Association ("Association"), under a Declaration of Covenants, Conditions, Restrictions, Assessments, Charges, Servitudes, Liens, Reservations and Easements ("Declaration"). The Association is a non-profit corporation. *See* A.R.S. § 33-1802(1)(a). Iqtunheimr, LLC ("Homeowner") owns one home in Val Vista Lakes.

**¶3** In 2024, Homeowner sued the Association and Timothy Hedrick, a board member, for breach of contract and breach of the implied

2

covenant of good faith and fair dealing. Homeowner alleged the Association and Hedrick breached the Declaration by failing to maintain common areas and amenities, including the clubhouse, fences, outdoor shower, plumbing, electric wires, paving, community waterfall, community parks, greenbelts, community walls, fountains, pools and lakes.

**¶4**    The Association and Hedrick moved to dismiss under Arizona Rule of Civil Procedure 12(b)(6), arguing Homeowner failed to state a claim upon which relief could be granted. The superior court granted the motion because Homeowner "has not complied with the mandatory statutory requirements for a derivative claim." The court awarded the Association its attorney fees and costs as the prevailing party, and sanctioned Homeowner $5,000 for bringing and pursuing claims without substantial justification. Homeowner timely appealed. We have jurisdiction. A.R.S. §§ 12-2101(A)(1), -120.21(A)(1).

## DISCUSSION

### I. Homeowner lacked standing to assert a derivative lawsuit under Arizona law.

**¶5**    A motion to dismiss should be granted only if the plaintiff cannot obtain relief under any interpretation of the facts. *Swift Transp. Co. of Ariz. v. Ariz. Dep't of Revenue*, 249 Ariz. 382, 385, ¶ 14 (App. 2020). "Arizona courts assume the truth of all well-pled, material allegations in the complaint, but 'do not accept as true allegations consisting of conclusions of law, inferences or deductions that are not necessarily implied by well-pleaded facts, unreasonable inferences or unsupported conclusions from such facts, or legal conclusions alleged as facts.'" *Id.* (quoting *Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389, ¶ 4 (App. 2005)).

**¶6**    A "derivative claim" is an action brought by a shareholder or member of a corporation to enforce the corporation's claim against its officers and directors or third parties. *Judson C. Ball Revocable Tr. v. Phx. Orchard Grp. I, L.P.*, 245 Ariz. 519, 521, ¶ 3 n.3 (App. 2018) (applying corporate derivative law in limited partnership context). An action is derivative "if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance or distribution among individual holders, or if it seeks to recover assets for the corporation or to prevent the dissipation of its assets." *Albers v. Edelson Tech. Partners L.P.*, 201 Ariz. 47, 52, ¶ 17 (App. 2001) (quoting *Funk v. Spalding*, 74 Ariz. 219, 223 (1952)).

¶7            Arizona law restricts who may bring a derivative lawsuit. A.R.S. §§ 10-3631, -3632.  Members must (1) have standing, and (2) make a written demand on the corporation to take action (unless the demand would be futile).  A.R.S. §§ 10-3631, -3632.  And because the Association here has members, standing is limited to "any member or members having twenty-five per cent or more of the voting power or by fifty members, whichever is less."  A.R.S. § 10-3631(A)(1).  Each complainant must have been "a member or director, as applicable, of the corporation at the time of the act or omission complained of," and must "[f]airly and adequately represent the interests of the corporation in enforcing the right of the corporation."  A.R.S. § 10-3631(B).

¶8            These restrictions are meaningful—they stop a flood of duplicative lawsuits, they ensure that the complainant represents the homeowners and they protect the association from the drain of endless litigation.  *Funk*, 74 Ariz. at 225 ("One of the primary purposes of bringing the action in the corporate name is to prevent a multiplicity of actions."); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 549 (1949) (noting that plaintiff pressing a derivative claim "sues, not for himself alone, but as representative of a class comprising all who are similarly situated").  Imagine if every homeowner in a 2,200-home community could file a separate lawsuit over the same pool maintenance issue—the courts would be flooded with redundant litigation, and the association would be burdened defending identical claims.  The derivative claim rules prevent exactly this scenario by channeling such grievances through proper representative procedures.

¶9            Individual shareholders may still file a direct suit against the corporation when "(1) the relationship between the shareholders and a wrongdoer is separate from the shareholders' status as shareholders or their ownership interest in the corporation, (2) the wrongdoer owes a duty to the shareholders for some reason other than their status as shareholders, or (3) the injuries or damages were sustained by individual shareholders rather than by the corporation."  *Albers*, 201 Ariz. at 52, ¶ 18.

¶10            Homeowner insists it filed a direct action against the Association, not a derivative claim.  But the facts say otherwise.  The Association is a non-profit corporation under § 33-1802(1)(a) and Homeowner was a member of the Association when the lawsuit was filed. What is more, Homeowner alleges only derivative harm in its complaint— namely, that the Association breached the Declaration by failing to maintain the common areas, including the community parks, pools, greenbelts and clubhouse.  Because the alleged harms are to the common

areas, the claims are derivative and belong to the community as a whole, not to Homeowner as an individual. *See Judson C. Ball Revocable Tr.*, 245 Ariz. at 521, ¶ 3 n.3.

**¶11** Homeowner did not meet the requirements for standing to pursue a derivative action. Homeowner never secured consent from enough homeowners to assert a derivative claim under § 10-3631(A)(1), and did not make a written demand on the Association under § 10-3632.

**¶12** Homeowner also argues that "any attempt by the trial court to depict [Homeowner] as suing on behalf of the corporation[] is contrary to the rule that the facts must be construed in favor of the [Homeowner]." Not so. Whether Homeowner sued on behalf of the corporation is a question of law, not fact. *See Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 499 (1996) ("The issue of . . . capacity to sue is a question of law, which this court reviews de novo.") (citation modified).

## CONCLUSION

**¶13** Homeowner failed to meet Arizona's statutory requirements for derivative suits and lacked standing to pursue its claims. The superior court properly dismissed the complaint.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR